JAMES E. POTTER, Respondent, v. THE HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, July 6, 1885.

1. PRACTICE—ACTION—IRRELEVANT EVIDENCE.—Where the action is one at common law, and not for failure to perform a statutory duty constituting negligence, evidence tending to show the omission of a duty enjoined by statute is not relevant, as no recovery could have been had for such failure.

2. NEGLIGENCE—RATE OF SPEED.—As a matter of law, no rate of speed is prescribed at which a train may run, and no rate of speed is *per se* negligence. *Young v. R. R. Co.*, 79 Mo. 340.

APPEAL from Clinton Circuit Court, HON. GEO. W. DUNN, J.

*Reversed and remanded.*

Statement of case by the court.

This is an action for damages on account of the killing of plaintiff's horse, in Clinton county, by reason of the alleged negligence of the defendant's servants and employes in operating and running its locomotives and cars.

The plaintiff introduced evidence as follows:

James E. Potter testified: "I am the plaintiff in this case; I reside in the town of Turney, and am doing business there; Turney is an incorporated town; the mare referred to was killed on the 15th day of June, 1882; I can not say what killed her; I was at my store when I was told by some parties that a horse had been killed; I went out to the track and found the mare badly crippled; she had bones broken and was cut in the hind parts, and had the appearance of having been struck by something; a train had just passed though the town on the Hannibal & St. Joseph railroad; it was a Hannibal & St. Joseph train; the mare was killed in the town limits and switch limits at Turney, in Clinton county, Missouri; the track is not fenced; the whistle on this train was not sounded, nor bell rung; the train was going very fast, I suppose twenty-five to thirty miles an hour; it made no check, but passed on through; the track at that point is straight; the mare was worth about $150."

On cross-examination the witness said: "The train I referred to passed about nine o'clock at night; the mare was killed about fifty or sixty yards south of the depot at Turney; it is about one-half a quarter of a mile from the depot to the southern limits of the town; I was at my store, about one hundred yards northeast of the depot, at the time the train passed; I mean to say I did not hear the train whistle; I am positive it did not whistle for stock; I do not think it whistled for the town; I was not listening to hear it whistle; it might have whistled and I not have heard it; my store is one hundred yards northeast of the depot; the train, when I saw it, was about one hundred and seventy-five yards north of where the mare was struck; I can tell how fast it was going by the rattle; I

did not see the mare struck; other trains had passed that evening."

Dr. Estell testified on the part of plaintiff as follows: "I reside at Turney; I took notice of the train referred to by Mr. Potter; I recollect about the mare being killed; the train passed through the town very fast; it was running about twenty-five miles per hour; the whistle was not sounded, nor the bell rung; I saw the mare after the injury to her; I did not see the train strike her; she was worth at least $125."

On cross-examination the witness testified: "I spoke to others about how fast the train was running; I am certain the whistle was not sounded, nor the bell rung; I don't know whether it whistled for the town or not, but do not think it did."

Andrew Potter, on part of plaintiff, said: "I was at the depot on the night of June 15, 1882, when the train passed; it was a Hannibal & St. Joseph train; it passed through the town at a great rate of speed, and neither sounded the whistle nor rang the bell; I was standing at the depot when the train was half a mile away; I saw the mare there; she was some distance east of the track grazing; I did not see the train strike the mare; the train did not ring a bell or sound a whistle."

On cross-examination the witness said: "I noticed the mare grazing at a little distance from the track before the train came up; I did not see her struck by the train; I did not hear the train whistle for the station; there was no street at the point where the mare was struck."

Mr. Pastion, introduced by plaintiff, testified as follows: "On the night of June 15, 1882, I was at the depot at the time the Hannibal & St. Joseph train passed; I saw the mare grazing near the track; I did not see her struck; I saw her lying beside the track the next day with her injuries; the train passed through the town at a fast rate of speed; it did not ring the bell or sound the whistle; Turney is an incorporated town."

On cross-examination the witness said: "The mare, when I saw her, was grazing at some distance from the track and almost three hundred yards north of the southern limits of the town."

This was all the evidence by the plaintiff.

The defendant, to maintain the issues on its part, introduced evidence as follows:

John Murray, being introduced, testified as follows: "I am an engineer on the defendant's road and was on June 15, 1882; I recollect going through the town of Turney on that night; I gave the signal for the town by whistling at the whistling post; that was the signal for the station; I didn't see the animal sued for before or after she was injured, but was told the next day that my train the night before had killed a horse."

On cross-examination the witness said: "I did not stop at the station that night and went through; I was running at about the usual rate of speed, about twenty-five miles per hour."

John Conlin, on part of defendant, testified: "I was the fireman on the engine pulling train number four on the night of June 15, 1882; the engine whistled for the station of Turney before going into the station that night; I first saw the mare grazing near the track; we were then too near to do any thing to save her; she ran on the track immediately in front of the train and was struck by the engine."

On cross-examination the witness said: "I am positive that the engineer whistled for the station that night; I rang the bell all through the town; we ran through the town at about the usual rate of speed; we did not stop at the depot that night; the train was on time."

This was all the evidence.

The court, sitting as a jury, tried the case. The plaintiff asked no declaration of law. The defendant asked the court to declare the law to be, that "under the pleadings and evidence the plaintiff can not recover," which declaration of law the court refused to give.

The court found for the plaintiff. The defendant has appealed to this court.

B. J. CASTEEL, with STONG & MOSMAN, for appellant.

I. There being no proof in the record that plaintiff was owner or had any interest in animal sued for, the court erred in refusing to give instruction *number one* asked by defendant. Gen. Stat. Mo., sect. 3462; *Alexander v. R. R.*, 76 Mo. 494.

II. The court erred in refusing to give instruction *number two* asked by defendant, which was as follows: "The plaintiff having failed to show that the train crossed any street or road, or that the animal sued for was killed at or near a street or road crossing, he can not recover upon proof that defendant failed to ring the bell, or sound the whistle." There was no evidence that the animal was struck at any road crossing or street. The action is one at common law, and evidence as to the ringing of the bell or blowing the whistle was irrelevant and immaterial, and was improperly admitted.

III. No rate of speed is *per se* negligence, and in this case, evidence of rate of speed could only be admissible to show negligence in running through the town at a high rate of speed; the law does not impose such restrictions in the absence of statutory law, or municipal ordinance prescribing a limit. Sherman & Redf. Neg., sect. 378; *Goodwin v. Ry. Co.*, 75 Mo. 73; *Young v. Ry. Co.*, 79 Mo. 336.

IV. Negligence is the *gist* of the action, and the burden is on plaintiff to show negligence, and to show that it caused the injury. *Young v. Ry. Co.*, 78 Mo. 340; *Powell v. Ry. Co.*, 76 Mo. 80; *Harlan v. Ry. Co.*, 65 Mo. 25; *Cordell v. Ry. Co.*, 75 N. Y. 330.

No brief on file for respondent.

Opinion by HALL, J.

The court should have given the declaration of law asked by defendant.

There was no duty imposed by law upon the defendant to ring the bell of the engine or to sound its whistle at the place of the accident; and under the facts of this case it was not negligence for the defendant to neither ring the bell nor sound the whistle.

As a matter of law no rate of speed is prescribed at which a train may run (*Young 'v. R. R. Co.* 79 Mo. 340); and in this case, under the evidence, it was not negligence for the defendant's train to run at the rate of twenty-five miles per hour.

For these reasons the judgment of the circuit court is reversed and the cause is remanded.   All concur.