FREDERICK LONG, Respondent, v. ST. LOUIS, KEOKUK & NORTHWESTERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, October 26, 1886.

1. RAILROADS—NEGLIGENCE—PRACTICE.—In an action against a railroad company for damages for killing cattle at a point not on, or in the immediate vicinity of, a public road crossing. but at a point where the railroad company is not required to fence its right of way, the plaintiff must show that the defendant's negligence was the cause of the accident.

2. ——— FAILURE OF PROOF.—In such a case, evidence of a failure to ring the bell or blow the whistle in approaching a public road crossing at a considerable distance from the place of the accident is not such proof of negligence as will warrant a verdict for the plaintiff.

Appeal from the Louisiana Court of Common Pleas, Elijah Robinson, Judge.

*Reversed and judgment.*   ·

W. H. Morrow, H. H. Trimble, and Palmer Trimble, for the appellant.

W. H. Biggs and M. G. Reynolds, for the respondent.

Lewis, P. J., delivered the opinion of the court.

The plaintiff complained before a justice of the peace, that his cattle were run over and killed by the defendant's train of cars, "on account of the negligence and careless management of said train of cars on the part of defendant's agents and servants." On the defendant's appeal to the Louisiana court of common pleas, the testimony tended to show that the cattle were killed within and near the south end of the depot grounds at Ashburn station, where they were lying on the track, and in the night time. The train was running south. There was a public road crossing about two hundred and fifty yards north of the depot, and a private cross way in general use, at the north end of the depot, and one hundred or more yards north of the place where the cattle were killed. There was conflicting testimony about the ringing of the bell· and the sounding of the whistle. The court, of its own motion, gave the following instruction :

"Before the plaintiff can recover in this case it devolves on him to prove to the satisfaction of the jury, by the evidence in the case, that the stock in question were struck by defendant's engine at or near a traveled road crossing ; that the defendant's employes in charge of said engine did not, when approaching said crossing, ring the bell or sound the whistle, and that the failure so to do caused the injury complained of. If these facts·

have been proven to the satisfaction of the jury, the verdict will be for the plaintiff, otherwise it will be for the defendant."

This instruction was erroneous. It was intended to measure the defendant's liability by the provisions of Revised Statutes, section 806, which requires that a bell shall be rung or a whistle sounded "at least eighty rods from the place where the railroad shall cross any traveled public road or street," and such ringing or whistling is to be continued until the engine shall have crossed such road or street. Our supreme court, in *Bell v. Railroad* (72 Mo. 50), declares that this statute "was for the benefit of persons at the road crossing or approaching it ;" and that it had no application to the case of a boy who was killed while standing on the track, forty or sixty feet in advance of the engine when at the place where it reached the crossing. The cattle, in the present case, were at a much greater distance even from the private crossing, which was the nearest one to them ; and it is not altogether clear from the evidence that that was a "traveled public road or street" within the meaning of the statute. It may be a question whether the statute contemplates anything more than a warning to human intelligence, without any reference to the instinct of brutes which may neither regard nor comprehend a distant signal. But that question is immaterial here. There is in the record no evidence tending to show that there was any negligence or mismanagement in the running of the train. *Potter v. Railroad,* 18 Mo. App. 694. The defendant's instruction demurring to the evidence ought to have been given.

The judgment is reversed, and judgment for the defendant will be entered here. Judge Rombauer concurs. Judge Thompson concurs in the reversal, but is of opinion that the record does not show such a total absence of negligence as to warrant a judgment for the defendant in this court.